NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ARTHUR GROVES, PETITIONER, v. MONMOUTH DAIRY COMPANY, RESPONDENT.

**Hernia—Question of Liability for Doctor's Bills and for Truss Petitioner Had Contracted For—Held that $25 was Adequate Compensation for Truss and That Respondent was Not Responsible for Certain Doctor's Bills.**

On petition, &c. On findings of fact, determination and rule for judgment.

For the petitioner, *Joseph R. Megill.*

For the respondent, *Carl S. Kuebler,* of *McDermott, Enright & Carpenter.*

And it appearing from the testimony in said case and the stipulation of counsel that the petitioner was employed by the respondent on February 8th, 1926, at a weekly wage of $35 per week and that upon said date the petitioner sustained an accident arising out of and in the course of the employment.

I do find upon consideration of the testimony of the petitioner, Arthur Groves, and Mr. A. E. Sidwell, that the peti-

tioner sustained an injury caused by the breaking of a chain hoist which gave way and jerked the petitioner clear off the floor and caused him to suffer from a compensable hernia. I find that the petitioner was sent by his employer to Dr. Parker and was examined by him on the day of the accident, at which time the doctor advised an operation, although Mr. Groves claims that the doctor finally stated it would not be advisable because of his heart condition. I find, however, that the petitioner then went to a Mr. A. E. Sidwell, of Asbury Park, and that Mr. Sidwell made a contract with him to supply him with such trusses as he would need for a period of one year, all other appliances and to effect a cure of his hernia for $75. The petitioner testified that he paid Mr. A. E. Sidwell $35 cash and gave him a note for $40. In addition to this the petitioner claims that he returned to Dr. Parker for treatment and contended that he incurred a considerable bill with Dr. Parker.

I do find from said testimony that the petitioner did sustain a compensable hernia and that he refused an operation under the election given in paragraph X of section 11 of an act prescribing the liability of an employer to make compensation for injuries received by the employe in the course of his employment as approved April 4th, 1911, and amended thereafter, but that instead the employe elected to use a truss in and about effecting a cure or alleviation of his condition; that the contract made with Mr. A. E. Sidwell was a contract between the said Sidwell and the petitioner and that the respondent or its carrier was not a party to said contract and did not adopt or ratify said contract, and that under the terms of the section of the act heretofore referred to, the liability of the respondent is limited to the reasonable cost of the truss or other appliances found necessary and compensation for twenty weeks. I find that the compensation for twenty weeks amounting to $340 has already been paid and a reasonable cost of a truss is $25, and I do find that the petitioner is entitled to receive from the respondent for said truss or appliance the said sum of $25. I further find that the respondent or its carrier did not authorize the petitioner

to continue treatments with Dr. Parker, and also from the testimony of Dr. Featherston that such treatments were not necessary as a result of the hernia, and that the petitioner is not entitled to any allowance for services alleged to have been rendered by Dr. Parker. I further find that there was no legal proof offered of said services, or the value thereof, but my opinion is not based entirely upon that ground.

I find that the respondent in its answer admitted that the petitioner was entitled to the expense of a truss amounting to approximately $25, and in view of that fact, I do not feel that I can award any counsel fee in this case as from my finding and the answer filed, the respondent prevails.

\*        \*        \*        \*        \*        \*        \*

W. E. STUBBS,
*Deputy Commissioner.*